THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT M. ALLENSWORTH, Defendant-Appellant.

Third District   No. 3—91—0435

Opinion filed May 14, 1992.—Modified on denial of rehearing November 6, 1992.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Raymond Kimbell III, State's Attorney, of Galesburg (John X. Breslin and Jay P. Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

A jury found the defendant, Robert M. Allensworth, guilty of two counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(d)). The trial court sentenced him to concurrent three-year prison terms. He appeals.

Only those facts necessary to decide the issues presented will be set forth. Prior to trial, although the defendant had originally indicated that he wished to represent himself, the court appointed the public defender. At a later hearing, the public defender informed the court that he and the defendant had decided to wait until examining the discovery materials before determining whether he would act in his usual role or as standby counsel. After the trial court admonished the defendant concerning the dangers of representing himself, the hearing concluded with the defendant agreeing that he had an attorney representing him at that point.

The State later filed a motion requesting that the defendant be examined to determine whether he was fit to stand trial. The court granted the motion. Thereafter, the defendant filed a *pro se* motion to dismiss the charges. In the motion, he made statements about the incident that formed the basis of the charges against him. At the hearing on the *pro se* motion, the public defender appeared as standby counsel for the defendant and indicated that the motion had been filed against his advice. The court stated that the defendant should not have made certain allegations in the motion and that this was proof that he needed assistance. The court then strongly advised the defendant that it would be in his best interests to accept the assistance of counsel and reserved ruling on the *pro se* motion until the question of the defendant's fitness was resolved.

At the fitness hearing, the assistant public defender appeared and the court noted that the defendant was trying the matter *pro se* with the assistance of standby counsel. Standby counsel stated that the defendant was technically still representing himself, but counsel had reviewed the psychiatric report with the defendant and they were both prepared to stipulate to the information in the report. The defendant stated that he agreed with this. Standby counsel stated that he had explained to the defendant that by stipulating they were admitting to the psychiatrist's qualifications as an expert and were admitting that if the psychiatrist were called to testify, he would testify as indicated in the report. The trial court found the defendant fit to stand trial and then had the prosecutor, the defendant, and standby counsel sign the resulting order.

The evidence presented at trial established that a videotape had been made in January 1990, which depicted the hands of the two minor victims, J.G. and D.C., touching the defendant's exposed penis. At the time the tape was made, J.G. was 16 years old and D.C. was 15 years old. Another participant was 18 years old at the time. The evidence also established that the defendant was born in 1937. At the close of evidence, the trial court dismissed the three counts of child pornography, finding insufficient proof that the defendant was responsible for the videotaping. The defendant argued that there was a reasonable doubt that he had had any sexual contact with a minor, and that he was forced to participate. The jury found him guilty of two counts of aggravated criminal sexual abuse.

At the sentencing hearing, J.G.'s father testified that the entire family needed counseling as a result of the offense. He further stated that he had consulted with the Spoon River Medical Center, which could provide family counseling services at $60 per hour for 12 monthly sessions. The trial court ordered the defendant to pay the clerk $720, which was to be used for reimbursement of the counseling.

On appeal, the defendant first argues that the indictment which charged him with two counts of aggravated criminal sexual abuse was insufficient because it did not state two necessary elements of the crime. Specifically, he complains that neither count stated that the sexual conduct performed was "for the purpose of sexual gratification or arousal of the victim or the accused" or that the defendant was "at least five years older than the victims."

The indictment stated in pertinent part:

"[Count I] *** ROBERT M. ALLENSWORTH committed the offense of AGGRAVATED CRIMINAL SEXUAL ABUSE *** in that said defendant knowingly committed an act of sexual conduct with [J.G.], who was at least thirteen (13) years of age but under (17) years of age, in that he allowed [J.G.] to fondle his *** penis, in violation of *Illinois Revised Statutes*, Chapter 38, Paragraph 12—16(d).

\* \* \*

[Count IV] *** ROBERT M. ALLENSWORTH committed the offense of AGGRAVATED CRIMINAL SEXUAL ABUSE *** in that said defendant knowingly committed an act of sexual conduct with [D.C.], who was at least thirteen (13) years of age but under sixteen (16) years of age, in that he allowed [D.C.] to fondle his *** penis, in violation of *Illinois Revised Statutes*, Chapter 38, Paragraph 12—16(d)."

We will first address the defendant's contention with regard to the "purpose of sexual gratification" provision. The definition of "sexual conduct" appears in section 12—12(e) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 12—12(e)) as:

> " 'Sexual conduct' means any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any other part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused."

The instant defendant relies upon the decision in *People v. Edwards* (1990), 195 Ill. App. 3d 454, 552 N.E.2d 358, wherein the defendant was charged with two counts of aggravated criminal sexual abuse in an indictment which was returned in language similar to the one brought in this case. The charge in *Edwards* also failed to state that the sexual conduct was for the purpose of sexual gratification or arousal of the victim or the accused. The *Edwards* court reversed the defendant's convictions on those counts, holding that the purpose of the sexual gratification provision was essential.

■ We do not agree with *Edwards*. Instead, we find that *People v. Lewis* (1986), 147 Ill. App. 3d 249, 498 N.E.2d 1169, and *People v. Balle* (1992), 234 Ill. App. 3d 804, *appeal denied* (1992), 145 Ill. 2d 636, correctly state the law. In both of those cases, the defendant had been charged with aggravated criminal sexual abuse pursuant to section 12—16(c)(1) of the Criminal Code (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(c)(1)). However, as in the instant case, the indictments failed to specifically allege that the sexual conduct was for the purpose of sexual gratification or arousal of the victim or the accused. Both courts held that it is sufficient to allege an offense in the language of the statute if the words so far particularize the offense that by their use alone an accused is informed with reasonable certainty of the precise offense he is charged with. Both courts then determined that the words "sexual conduct," standing alone, are sufficiently specific to inform a defendant with reasonable certainty of the offense he is accused of committing. Accordingly, we hold that the instant defendant has failed to show that he was not apprised with reasonable certainty of the charges brought against him.

■ We now turn to the defendant's contention that the instant indictment was also defective for failing to allege that he was more than five years older than the victims involved. We find that the defendant was not prejudiced by this failure nor does he claim that he was. At trial, it was established that the defendant had told a police

officer that he was born in 1937. The father of one of the victims testified that the victim was born in 1973. The mother of the other victim testified that he was born in 1974. Thus, more than the required five-year age difference was established and the defendant was not prejudiced by the omission.

The defendant next contends that the trial judge committed reversible error when he allowed the defendant to represent himself, with standby counsel, at his own fitness hearing. He cites this court's decision in *People v. Rath* (1984), 121 Ill. App. 3d 548, 459 N.E.2d 1134, in support of his proposition that a trial judge should always require a defendant to be represented by counsel at a fitness hearing. We disagree with the defendant's interpretation of our holding in *Rath*.

In *Rath*, the defendant claimed that he was the son of Ethel Barrymore and the Sultan of Turkey, that he was a diplomat with immunity, that he was a doctor, and that he was a lawyer. Additionally, the trial judge believed that there was a *bona fide* doubt as to the defendant's sanity. Although standby counsel was appointed when the defendant insisted on proceeding *pro se*, the defendant refused to let the public defender help him in any way.

In assessing the waiver and nonuse of the defense attorney in *Rath*, we stated that it was necessary to judge that *particular* defendant's ability to waive counsel. We then held that once the trial judge had found a *bona fide* doubt as to the defendant's mental competency, it was necessary for the defendant to be represented by competent counsel until the issue of fitness was resolved, and that such counsel must act as an active adversary rather than a passive bystander to the proceedings.

We further note that where a defendant proceeds to trial with the "technical assistance" of an attorney, he has not waived counsel. *People v. Smith* (1985), 133 Ill. App. 3d 574, 479 N.E.2d 24.

In applying the above-noted principles to the instant case, we find that the defendant did not actually waive counsel and that he received the effective assistance of counsel during his fitness hearing. The record does not establish that the trial judge ever expressed any concern about the defendant's mental competency. Additionally, the defendant never indicated that he would not accept any assistance from his standby counsel. To the contrary, it is clear from the record of the fitness hearing that the defendant had consulted with his standby counsel concerning the proceeding. Furthermore, we find that counsel was not a passive bystander at the proceeding. Based on the record, we conclude that the defendant was adequately repre-

sented by counsel at his fitness hearing. Therefore, the trial judge did not err in allowing the defendant to proceed with the assistance of standby counsel.

■ Finally, the defendant contends that the trial court's order of restitution was improper because family members of the victim were not victims within the meaning of section 5—5—6(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(b)).

We find that *People v. Strebin* (1991), 209 Ill. App. 3d 1078, 568 N.E.2d 420, is dispositive of this issue. In *Strebin*, the defendant pled guilty to the aggravated battery of a child in return for the dismissal of an aggravated criminal sexual abuse charge which was also pending against him. The factual basis established that the defendant had disciplined two young children he was babysitting by squeezing their penises and spanking one of them in the groin. The *Strebin* court held that it was proper under those facts for the trial judge to order restitution to pay for the cost of any counseling of the victims and their family as might be required. Based on *Strebin*, we hold that it was proper for the instant trial court to order the defendant to pay restitution for the cost of counseling J.G. and his family.

For the foregoing reasons, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

McCUSKEY and HAASE, JJ., concur.