THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY J. MAZAR, Defendant-Appellant.

Third District    No. 3—95—0499

Opinion filed July 26, 1996.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

David W. Neal, State's Attorney, of Morris (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MICHELA delivered the opinion of the court:

The defendant, Anthony J. Mazar, was convicted of burglary (720 ILCS 5/19—1(a) (West 1994)), theft (720 ILCS 5/16—1(a)(1) (West 1994)), fleeing or attempting to elude a police officer (625 ILCS 5/11—204(a) (West 1994)), reckless driving (625 ILCS 5/11—503(a) (West 1994)) and operating a motor vehicle with only one red taillight (625 ILCS 5/12—201(b) (West 1994)). He was sentenced to concurrent, five-year terms of imprisonment on the burglary and theft convictions. On appeal, the defendant claims that reversible error occurred when the trial court allowed him to represent himself at a competency hearing conducted prior to trial. We affirm.

Prior to his arraignment on the charges against him, the defendant asked the trial court for permission to represent himself. He informed the court that he had attained his GED and had served in the United States Marine Corps. The defendant also told the court that he had, within the previous year, defended himself in a criminal trial in Cook County and won his acquittal. The trial court allowed the defendant to proceed *pro se* and appointed attorney J.D. Flood to act as the defendant's adviser.

Later, the defendant filed a response to the State's discovery request which was titled "Information that personify Jesus and vindicate Anthony J. Mazar." The body of the document consisted of various references to and quotations from Scripture. Based on the filing of this document, the court *sua sponte* scheduled a competency evaluation of the defendant. When the court announced its decision to evaluate the defendant's competency, the trial judge said to the defendant:

"From my conversations with you to date, I have no question in my own mind that you are competent to stand trial and competent to represent yourself. Your behavior in court and your comments are to the point and lucid, and I don't see any great problems. This is a precautionary measure, more than anything else, because I feel that those matters are of record, and I feel that if there is a conviction in this case and an attorney is appointed to represent

you on appeal, I feel that one of the first things that attorney will raise is whether or not you were competent to stand trial simply on the basis of those documents. *** So, since the question is likely to come up down the line, I think the question ought to come up sooner rather than later, and that's why I am asking that a determination be made now."

Subsequently, the defendant was examined by a licensed clinical psychologist. The psychologist testified that the defendant "has a full understanding of his civil rights. He has a better-than-average understanding of judicial procedure. The testimony Your Honor provided me indicates that he is perfectly competent to understand what is going on around him at the time that it is occurring." At the competency hearing, the trial court allowed the defendant to represent himself with the assistance of attorney Flood. Neither the defendant nor Flood asked any questions of the court's psychologist.

After the defendant was found competent to stand trial and to represent himself, the case proceeded to a bench trial. The court found the defendant guilty of the charges against him and imposed sentence on the convictions.

The defendant's sole contention on appeal is that the court erred in failing to appoint counsel to represent him at the competency hearing.

Because a proper waiver of counsel requires the defendant to have use of his mental faculties, it is error to allow a defendant to represent himself once a *bona fide* doubt regarding the defendant's competence has arisen. *People v. Heidelberg*, 33 Ill. App. 3d 574, 338 N.E.2d 56 (1975); *People v. Rath*, 121 Ill. App. 3d 548, 459 N.E.2d 1134 (1984); *People v. Allensworth*, 235 Ill. App. 3d 185, 600 N.E.2d 1197 (1992).

In the case at bar, we find that there was no *bona fide* doubt about the defendant's competence at the time of the competency hearing. The trial judge clearly stated that he believed that the defendant was competent and was holding the hearing only to clarify the matter in case of an appeal. Moreover, we find that the court's statements are bolstered by the fact that the defendant made coherent, logical objections and observations prior to the hearing. In the absence of a *bona fide* doubt regarding the defendant's competence, we hold that it was not error to allow the defendant to represent himself at the competency hearing.

The judgment of the circuit court of Grundy County is affirmed.

Affirmed.

HOLDRIDGE, P.J., and SLATER, J., concur.