# Illinois Official Reports

## Appellate Court

*People v. Washington*, 2017 IL App (4th) 150054

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALEXANDRIA A. WASHINGTON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0054 |
| Filed | February 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Coles County, No. 14-CM-452; the Hon. James R. Glenn, Judge, presiding. |
| Judgment | Reversed; cause remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Brian Bower, State's Attorney, of Charleston (Patrick Delfino, David J. Robinson, and John M. Zimmerman, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE POPE delivered the judgment of the court, with opinion.<br>Justices Steigmann and Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Alexandria A. Washington, appeals the trial court's decision finding her unfit to stand trial. On appeal, defendant argues the court's decision should be reversed and the cause remanded for a new fitness hearing because once the court had a *bona fide* doubt as to her fitness, the court was required to appoint counsel to represent her during the fitness hearing, even over her objection. The State concedes the trial court erred by failing to appoint counsel to represent defendant at the fitness hearing and agrees the court's decision should be reversed and this cause remanded for a new fitness hearing, during which defendant is to be represented by counsel. We reverse and remand with directions.

¶ 2                                     I. BACKGROUND

¶ 3        On August 7, 2014, defendant was charged by information with two Class A misdemeanor counts of resisting or obstructing a peace officer and a correctional institution employee. 720 ILCS 5/31-1(a) (West 2014). At her August 2014 arraignment, defendant waived her right to counsel, electing to proceed *pro se*, and requested the judge establish jurisdiction. When the trial court informed defendant the court had personal jurisdiction over her, defendant responded: "No. That just means like I've been kidnapped and held for ransom which is bail, but I'm trying to establish proper jurisdiction." Defendant then refused to plead, stating: "I'm not pleading. I don't relinquish any jurisdiction to you. I'm not pleading at all." The trial court then set a hearing on jurisdiction for September 3, 2014, and released defendant on a personal recognizance bond.

¶ 4        Prior to the hearing, defendant filed multiple documents with the trial court, challenging the court's jurisdiction and seeking dismissal on that ground. One of the documents was styled "United States of America, Plaintiff Vs. Azmiyah Bey a.k.a. Alexandria Washington" and entitled "Take Judicial Notice and Administrative Notice; In Nature Of a Writ Of Nobis, And A demand For For [*sic*] Failure to State The Jurisdiction And Venue." At the hearing, the trial court denied defendant's motion, finding it had personal jurisdiction of the defendant and jurisdiction over the charges. Following this ruling, the trial court set a trial date, but defendant continued to challenge the court's jurisdiction. At this point, the State raised the issue of fitness. The court then asked defendant whether any medical professional had indicated whether she was fit for trial, which defendant refused to answer. (Apparently, defendant had another case pending with the trial court, case No. 11-JA-14, and the court appears to be inquiring about potential findings in that case. That case had a "Petition for Termination of Parental Rights" pending.) The court stated it did not have a *bona fide* doubt as to defendant's fitness at that time. The court then asked defendant whether she pleaded guilty or not guilty, to which she responded: "I am not relinquishing any jurisdiction to this court, so." The court interpreted this response as a plea of not guilty and set the cause for trial.

¶ 5        At a hearing on September 17, 2014, in both the juvenile and misdemeanor cases, defendant continued to contest the court's jurisdiction, arguing jurisdiction cannot be established until each and every person in the State of Illinois appeared against her because the cause of action named "The People of the State of Illinois" as the plaintiff.

¶ 6        At a hearing on October 10, 2014, defendant continued to contest the trial court's jurisdiction. At this hearing, defendant stated she would not return to court unless the court established jurisdiction by allowing defendant to face her accusers, which she contended were

all the people in the State of Illinois. She repeatedly interrupted the court and remained fixated on whether the court had jurisdiction. The court attempted to proceed with the motions *in limine* filed by the State, and defendant continued to contest the court's jurisdiction. Once the court ruled on the motions, the State again questioned defendant's fitness. The court determined there was a *bona fide* doubt of defendant's fitness and ordered a fitness evaluation. (We note the trial judge was eminently patient with defendant at each and every hearing in this matter.)

¶ 7   Following the finding of *bona fide* doubt as to defendant's fitness, but before the fitness evaluation was finalized, the court held three status hearings in November 2014. At the first November 2014 hearing, the State suggested counsel should be appointed to represent defendant before the case moved any further because the *bona fide* doubt as to defendant's fitness rendered her waiver of counsel invalid. Counsel was not appointed, and defendant appeared *pro se* at each hearing.

¶ 8   At a hearing on December 18, 2014, the trial court received the results from the fitness evaluation, which indicated defendant was unfit. Defendant appeared *pro se*. The court set a fitness hearing, and the State proffered if defendant were to be found unfit, due process would require the court to appoint a lawyer to represent her in the underlying proceeding. The State further represented it was unsure whether defendant should have counsel appointed prior to the fitness hearing. The court opined it would wait until it made a finding with respect to fitness before deciding whether to appoint counsel. The State agreed this was the correct procedure.

¶ 9   The fitness hearing occurred on January 9, 2015, and defendant appeared *pro se*. Dr. Jerry Boyd, the clinical psychologist who evaluated defendant, testified on behalf of the State, and his professional opinion was defendant was not fit to stand trial. Defendant did not cross-examine Dr. Boyd or call a medical professional to rebut Dr. Boyd's testimony. When asked by the trial court whether she had any evidence to present, defendant responded, "No." The court then asked if she would mind answering a few questions. Defendant agreed to answer questions and was sworn as a witness. The trial court conducted the direct examination, and the State did not cross-examine her. The court asked defendant to explain how she created some of the documents she had filed with the court and to explain the nature of the proceedings. The court then requested Dr. Boyd be recalled to the stand and asked whether defendant's testimony changed his medical opinion. Dr. Boyd stated his medical opinion was unchanged. Defendant then elected to cross-examine Dr. Boyd. Defendant's cross-examination focused on her belief she was no longer suffering from a mental illness because she had been off medication since 2010, and she questioned how she could be unfit to stand trial if she was no longer medicated. Dr. Boyd explained how the stress of court proceedings could prompt prior illnesses to manifest again, even if the symptoms had been dormant.

¶ 10   Following the presentation of evidence, the State argued defendant should be determined unfit because of her fixation on tertiary matters, such as jurisdiction. This fixation prevented defendant from assisting with her defense. The State also argued to allow defendant to proceed *pro se* would deprive defendant of her due process rights. Defendant did not present an argument. The trial court concluded defendant was unfit and began considering whom to appoint as counsel for defendant. Defendant stated she would not accept an attorney. In response, the State argued counsel must be appointed, even over defendant's objection, to

- 3 -

ensure defendant received due process of law. The court explained this fact to defendant and appointed the public defender.

¶ 11 Notice of appeal challenging the finding of unfitness was timely filed on January 23, 2015. An order finding a defendant unfit to stand trial is an appealable order pursuant to Illinois Supreme Court Rule 604(e) (eff. Dec. 11, 2014).

¶ 12 II. ANALYSIS

¶ 13 On appeal, defendant and the State agree the trial court erred by failing to appoint counsel once the court found a *bona fide* doubt of defendant's fitness. Both defendant and the State request we reverse the court's order finding defendant unfit and remand for a new fitness hearing, during which defendant is to be represented by counsel.

¶ 14 A. Standard of Review

¶ 15 This case presents the question of whether defendant's right to counsel was violated when the trial court, after recognizing a *bona fide* doubt existed as to her fitness to stand trial, did not appoint counsel to represent defendant at subsequent hearings—most importantly, the fitness hearing. This is a constitutional question of law, *i.e.*, whether this failure to appoint counsel violated defendant's sixth amendment right to counsel. See U.S. Const., amend. VI. Accordingly, our review is *de novo*. See *In re Torski C.*, 395 Ill. App. 3d 1010, 1017, 918 N.E.2d 1218, 1225 (2009) ("The standard of review for constitutional questions, like other questions of law, is *de novo*.").

¶ 16 B. Defendant's Ability To Waive Right to Counsel
After *Bona Fide* Doubt of Fitness

¶ 17 "The right to self-representation and the assistance of counsel are separate rights depicted on the opposite sides of the same Sixth Amendment coin. To choose one obviously means to forego the other." *United States v. Purnett*, 910 F.2d 51, 54 (2d Cir. 1990); see also U.S. Const., amend. VI. Courts have consistently held "a defendant's waiver of counsel is valid only when it can be shown from the record that the waiver was made knowingly and intelligently." *Purnett*, 910 F.2d at 54-55. Our supreme court rules require any waiver of counsel to be made in open court, and the court is required to determine the defendant understands, among other things, the nature of the charge. Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

¶ 18 Both defendant and the State cite *People v. Rath*, 121 Ill. App. 3d 548, 459 N.E.2d 1134 (1984), as authority in this case. In *Rath*, the defendant elected to waive the right to counsel, but the trial court found a *bona fide* doubt existed as to the defendant's fitness. *Id.* at 549, 459 N.E.2d at 1135. The court appointed the public defender " 'to assist the defendant on a standby basis' should he wish to consult with an attorney." *Id.* During these proceedings, the defendant refused any assistance from the public defender. *Id.* A jury determined the defendant was not fit to stand trial. *Id.* at 550, 459 N.E.2d at 1136. The defendant appealed the finding of unfitness, believing he was fit to stand trial. *Id.*

¶ 19 On appeal, defense counsel "contend[ed] that it was error under the facts of this case to permit the defendant to waive counsel when it was apparent that there was a bona fide doubt of the defendant's mental ability to make a valid waiver." *Id.* The Third District held:

"[T]he circuit court correctly believed that a bona fide doubt existed as to defendant's fitness to stand trial. Having properly declared that such a doubt existed, the court then erred in allowing the defendant to represent himself. Until the shadow of defendant's questioned ability to understand the nature of the charges against him and his ability to cooperate in his own defense was removed, he was not only entitled to be represented by competent counsel, it was required, even if against his will." *Id.* at 551, 459 N.E.2d at 1136.

Accordingly, the court reversed the trial court's order finding the defendant unfit and remanded the cause for a new fitness hearing, during which the defendant was to be represented by the public defender, or other appointed counsel, "as an active adversary on the defendant's behalf instead of as a passive bystander to the proceedings." *Id.* at 551, 459 N.E.2d at 1137; see also *People v. Esang*, 396 Ill. App. 3d 833, 841, 920 N.E.2d 565, 572 (2009) ("Where a *bona fide* doubt exists as to a defendant's competency to stand trial, that defendant cannot intelligently waive his constitutional right to representation by counsel and permitting him to represent himself is reversible error.").

¶ 20    The United States Court of Appeals for the Second Circuit reached the same conclusion in *Purnett*. The Second Circuit persuasively reasoned:

"[T]he trial court should not accept a waiver of counsel unless and until it is persuaded that the waiver is knowing and intelligent. Logically, the trial court cannot simultaneously question a defendant's mental competence to stand trial and at one and the same time be convinced that the defendant has knowingly and intelligently waived his right to counsel." *Purnett*, 910 F.2d at 55.

¶ 21    We agree with the reasoning of the *Rath* and *Purnett* courts and conclude where a trial court finds a *bona fide* doubt exists as to a defendant's fitness to stand trial, the defendant loses the ability to knowingly and intelligently waive the right to counsel. To allow the defendant to proceed *pro se* is therefore a violation of the sixth amendment right to counsel. Once this *bona fide* doubt is established, the court is required—even over the defendant's objection—to appoint counsel to represent the defendant until he or she regains fitness to stand trial. Thus, we conclude the trial court here erred by failing to appoint counsel to represent defendant in the hearings following the court's November 2014 determination that there was a *bona fide* doubt as to her fitness.

¶ 22                              III. CONCLUSION

¶ 23    For the reasons stated, we reverse the trial court's order finding defendant unfit and remand to the trial court to conduct a new fitness hearing, during which the defendant is to be represented by counsel.

¶ 24    Reversed; cause remanded with directions.