THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee and Cross-Appellant, v. CHARLES HUBBARD, Defendant-Appellant and Cross-Appellee.

Fifth District    No. 5—93—0121

Opinion filed June 24, 1994.

Joe Harrison, of Fairfield, for appellant.

Barry Vaughan, State's Attorney, of Fairfield (Norbert J. Goetten, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Charles Hubbard, was found guilty after a jury trial of four counts of aggravated criminal sexual abuse. Defendant was placed on four years' probation and sentenced to 24 months' periodic imprisonment. Defendant subsequently filed a post-trial motion to vacate the convictions and sentences on counts II, III, and IV, which the circuit court of Wayne County granted. Because the court believed the sentence imposed on all counts was warranted for the verdict and finding of guilt on count I alone, defendant's sentence remained unchanged. Defendant appeals the judgment of conviction on count I. The State cross-appeals the order vacating the guilty verdicts on counts II, III, and IV.

According to the evidence presented at trial, defendant allegedly fondled the two daughters of one of defendant's former friends. Until December 1991, the two girls, ages 12 and 15, regularly visited defendant's children and home and occasionally helped defendant and his wife in their cleaning business. Near Thanksgiving of 1991, however, the younger daughter accompanied defendant and his daughter Amanda to a cleaning job. The victim claimed defendant touched her "boobs" and "pee-pee" while she was trying to clean a bathroom. He stopped when his daughter called out for him. The victim testified she did not say or do anything because she was too scared. After the incident, the victim stayed with Amanda the rest of the time they were at the cleaning site. The victim testified at trial that defendant only touched her the one time. Other witnesses, based upon speaking with the victim, testified defendant attempted to fondle the victim at least one other time that same afternoon while at the jobsite. Later that day, the victim told her parents what had happened after being asked what was wrong. As the victim was relat-

ing her story, the older daughter informed her parents the same thing had happened to her on at least three different occasions.

Defendant denied touching either girl and suggested the accusations were made as a result of a disagreement between the parents and defendant. In October 1991, defendant hired the victims' father to put a new roof on his house. The work on the roof was inferior and caused water damage inside the house. The estimated cost for repairing the roof and damage to the house was $3,460. On November 7, 1991, defendant informed the victims' father that he was going to hold him personally responsible for the repairs. The jury apparently chose not to believe the accusations were made "to get back at" defendant.

On appeal, defendant raises several issues with respect to the trial court's admitting into evidence hearsay statements of the younger victim. Defendant initially contends the trial court erred in permitting the prosecuting attorney to refer to the victim's hearsay statements in his opening argument when the trial court had not yet determined whether the statements provided sufficient safeguards of reliability to be admitted at trial. At the time opening statements were to be made, no hearing outside the presence of the jury had been held to determine the admissibility of any hearsay statements, as required by section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 115—10 (now 725 ILCS 5/115—10 (West 1992))). Accordingly, defendant requested an order *in limine* prohibiting reference to the hearsay statements in opening argument. The court granted defendant's motion to the extent the statements themselves could not be read, but the court permitted the State to refer to evidence which it believed in good faith was admissible. Defendant believes the court's ruling in effect delegated the responsibility of determining admissibility to the State. While we do not condone this approach to handling section 115—10 hearsay statements, we find no reversible error in this instance.

■ We initially note that the objected-to evidence was determined to be admissible after the appropriate section 115—10 hearings. Because the evidence was admissible, defendant was not prejudiced by any references to such evidence. Moreover, the prosecutor only referred to evidence which he believed in good faith to be admissible. There was no deliberate misconduct or apparent disregard of admissibility on the part of the prosecutor. (See *People v. Melock* (1992), 149 Ill. 2d 423, 457, 599 N.E.2d 941, 956; *People v. Singleton* (1991), 217 Ill. App. 3d 675, 695, 577 N.E.2d 838, 851.) Finally, the jury was instructed that opening statements were not evidence and should not be considered as evidence. Any possible error therefore

was corrected. (See *People v. White* (1980), 86 Ill. App. 3d 19, 30, 407 N.E.2d 572, 581.) While we find no reversible error here, we must point out we find it preferable for section 115—10 hearings, where possible, to be held prior to trial. To do otherwise only encourages problems, as evidenced by this appeal.

Defendant next contends the trial court erred in finding the State's notices of intent to use at trial hearsay statements of the younger victim were sufficient to satisfy the notice requirements of section 115—10. We disagree.

■ The State filed two notices of intent to use hearsay statements. The two notices were filed separate from the materials provided in discovery and directed defendant to specific portions of the discovery where the hearsay statements could be found. The first notice listed the witnesses to whom the statements were made. The second notice listed another two witnesses and set forth a short statement as to what the victim told these witnesses. Defendant contends that the first notice was insufficient in that it did not give the particulars of the hearsay statements intended to be used. As for the second notice, defendant contends that because the court ruled the notice was insufficient as to one of the two witnesses, the notice as to the second witness should also have been insufficient.

Looking to the second notice first, we believe that defendant has misconstrued the record. The reason the testimony of one of the witnesses was not allowed was because the court did not find it reliable or trustworthy. The trial court specifically noted that the witness encouraged or coached the victim to discuss the incident. The fact that the same notice applied to the testimony of two witnesses, however, does not mean that the other witness' testimony should also be excluded automatically simply because the first witness' testimony was found inadmissible. Accordingly, we find no abuse of discretion.

As for the first notice, we find no prejudice to defendant. The fact that the gist of the hearsay statements was not included in the notice is not critical in this instance. The State's discovery consisted of only 15 pages. As such, defendant was not required to search through voluminous documents to find the specific statements which the State intended to use. We also note the notice was more specific than the State's general discovery response. (*Cf. People v. Carter* (1993), 244 Ill. App. 3d 792, 801, 614 N.E.2d 452, 458.) The purpose of section 115—10 notice is to protect a defendant against surprise, unfairness, and inadequate preparation. (See *People v. Denning* (1991), 219 Ill. App. 3d 428, 433, 579 N.E.2d 943, 946.) When there has been no prejudice, the admission of such evidence is not reversible error even if the State

arguably committed a discovery violation. (*Denning*, 219 Ill. App. 3d at 433, 579 N.E.2d at 946.) As defendant was not prejudiced here, we find no reversible error.

■ Defendant contends, however, that the court erred in admitting into evidence any of the younger victim's hearsay statements. Defendant first points to the testimony of the victims' father, claiming that not everything he testified to was disclosed even in discovery. First, there is no requirement that the State disclose a verbatim transcript of a witness' testimony. Second, portions of the complained-of testimony were elicited on cross-examination. The State is not responsible for questions asked by defendant's attorney or for the answers given. See *People v. Withers* (1980), 89 Ill. App. 3d 116, 120, 411 N.E.2d 516, 519, *rev'd on other grounds* (1981), 87 Ill. 2d 224, 429 N.E.2d 853.

■ Defendant next finds fault with the testimony provided by the victims' mother. Defendant appears to find fault because the hearing on admissibility was not held before trial started. Again, section 115—10 does not require that the hearing be held before trial starts, although that is preferable. The only requirement is that the hearing be held outside the presence of the jury. (See *People v. Smith* (1991), 221 Ill. App. 3d 605, 607-08, 582 N.E.2d 317, 319-20.) As the State procured a hearing outside the presence of the jury to determine the reliability of the statements before they were admitted at trial, we find no merit to defendant's claim of error.

Defendant further contends that the testimony of the Department of Children and Family Services (DCFS) caseworker who interviewed the victims should not have been admitted into evidence. Defendant believes that because the younger victim had participated in so many conversations with others about the incident before speaking to someone from DCFS, her statement to the DCFS caseworker lacked trustworthiness. We disagree.

■ Initially, we note that a trial court's decision as to the reliability and admissibility of a victim's out-of-court statements under section 115—10 will not be overturned on review absent an abuse of discretion. (See *People v. Zwart* (1992), 151 Ill. 2d 37, 44, 600 N.E.2d 1169, 1172; *People v. Barger* (1993), 251 Ill. App. 3d 448, 461, 624 N.E.2d 405, 413.) Under section 115—10, in order for hearsay evidence to be admissible, the time, content, and circumstances of the statement must provide sufficient safeguards of reliability. (See *People v. Coleman* (1990), 205 Ill. App. 3d 567, 583-84, 563 N.E.2d 1010, 1020.) The key is the circumstances surrounding the making of the statement, circumstances which must render the declarant "particularly worthy of belief." (*Barger*, 251 Ill. App. 3d at 462, 624 N.E.2d at

414; *People v. McMillan* (1992), 231 Ill. App. 3d 1022, 1025-26, 597 N.E.2d 923, 925.) Here, the circumstances reveal sufficient safeguards of reliability for the admission of the caseworker's testimony. The victim spoke to the caseworker approximately three weeks after the abuse. The caseworker testified he asked no leading questions, and the victim consistently repeated that defendant fondled her while she was cleaning the bathroom. All of the people with whom the victim spoke about the incident prior to speaking with the caseworker were also subjected to section 115—10 hearings. There is nothing about the timing, content, or circumstances of the victim's statements which even hint of a lack of reliability or trustworthiness.

■ Defendant also finds fault with the testimony of the police officer who questioned the younger victim. During his testimony, the officer commented that the victim was upset, nervous, and reluctant to talk about certain aspects of the abuse, which he found normal in his experience with children trying to talk about sexual matters. Defendant asserts that such comment was inadmissible. Defendant, however, has waived this issue because he did not object to the testimony at trial and raise the matter in his post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1123, 1130.) More importantly, the officer's comment did not contribute to defendant's conviction, especially in light of all the other testimony on the record. Any possible error therefore was harmless.

■ Finally, defendant contends that the testimony of one of the younger victim's friends should have been excluded because it exceeded what is permissible under section 115—10. In particular, defendant finds fault with the witness describing the victim's voice as the victim told her about the incident. Testimony describing a victim's demeanor and state of mind is not hearsay, however. Section 115—10 therefore does not apply. (See *People v. Edwards* (1992), 224 Ill. App. 3d 1017, 1026, 586 N.E.2d 1326, 1332.) Moreover, a victim's demeanor when making a statement is very important in determining the weight to be given that statement. Accordingly, we find no merit to defendant's argument.

■ For defendant's final attack on the admission of the younger victim's hearsay statements and his final point on appeal, defendant asserts that the trial court erred in failing to state for the record specific reasons supporting its ruling on the admissibility of some of the statements. There is, however, no express statutory requirement that the court state for the record the specific factors which it found furnished sufficient safeguards of reliability. (See *Carter*, 244 Ill. App. 3d at 800, 614 N.E.2d at 457.) And, contrary to defendant's contention, there is no case law requiring such stated reasons either. (See *People*

*v. West* (1994), 158 Ill. 2d 155, 163-64; *Barger,* 251 Ill. App. 3d at 461, 624 N.E.2d at 413.) Accordingly, we see no need to impose any such requirement, especially when defendant never requested a more specific statement of reasons from the court. As we see no evidence of the statements being unreliable, we find no reversible error.

The State on cross-appeal argues that the trial court erred in vacating the guilty verdicts on counts II, III, and IV. Even though the court believed defendant had been proven guilty beyond a reasonable doubt on each of the three counts, the court ruled that all three counts of the information failed to charge an offense by omitting a sexual gratification element. The State contends that the trial court used the wrong test for determining whether the charges in the information stated an offense. The State also asserts that recent case law does not require an allegation that the sexual conduct was done for the purpose of sexual gratification. We agree with the State.

Under section 116—2 of the Code of Criminal Procedure of 1963:

> "A motion in arrest of judgment attacking the indictment, information, or complaint on the ground that it does not charge an offense shall be denied if the indictment, information or complaint apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution out of the same conduct." (725 ILCS 5/116—2(c) (West 1992).)

Only when a claim of insufficiency of an information is made prior to trial must the charge be strictly construed in determining if all the elements have been alleged. (See *People v. Hughes* (1992), 229 Ill. App. 3d 469, 471, 592 N.E.2d 668, 669.) Failure to allege an element of the offense in the complaint does not necessarily violate the motion-in-arrest-of-judgment or appellate-sufficiency standard. *Hughes,* 229 Ill. App. 3d at 471-73, 592 N.E.2d at 669-70.

■ The information here alleged that defendant committed the offense of aggravated criminal sexual abuse in that he knowingly committed an act of sexual conduct by fondling the breast or vagina of the older daughter at one of two locations. Each count alleged a time, named the specific offense with the corresponding statutory citation, described defendant's actual conduct, and gave the place where the conduct occurred. While none of the three counts alleged that the conduct was done for the purpose of sexual gratification or arousal, each count did sufficiently apprise defendant of the nature of the charges against him. Defendant clearly was not stifled in the preparation of his defense.

Defendant, relying on *People v. Edwards* (1990), 195 Ill. App. 3d

454, 552 N.E.2d 358, claims that the missing element rendered the charges insufficient nonetheless. We, on the other hand, elect to follow the holdings of *People v. Balle* (1992), 234 Ill. App. 3d 804, 601 N.E.2d 788, and *People v. Allensworth* (1992), 235 Ill. App. 3d 185, 600 N.E.2d 1197. The sexual-gratification-purpose language is not found in the paragraph establishing the offense but rather is found in a definitional paragraph. (See 720 ILCS 5/12—12(e) (West 1992).) Consequently, we too believe the words "sexual conduct," standing alone, are sufficiently specific to inform a defendant with reasonable certainty of the offense with which he is charged. (*Allensworth*, 235 Ill. App. 3d at 189, 600 N.E.2d at 1199; *Balle*, 234 Ill. App. 3d at 812-13, 601 N.E.2d at 794.) The court therefore erred in failing to find that the information here sufficiently apprised defendant with reasonable certainty of the charges brought against him. Because the court did rule that the State had proven all elements of the offenses charged in the three counts, including that defendant's conduct was done for the purpose of sexual gratification or arousal, upon reversing the trial court we can order that the verdicts and convictions be reinstated. See *People v. Carpenter* (1991), 221 Ill. App. 3d 58, 64-65, 581 N.E.2d 683, 687.

For the aforementioned reasons, we affirm the judgment of the circuit court of Wayne County with respect to count I. We reverse the order vacating the verdicts of guilty on counts II, III, and IV and remand solely for the purpose of having the verdicts and resulting convictions and sentences reinstated.

Affirmed in part; reversed and remanded in part with directions.

WELCH and CHAPMAN, JJ., concur.