BRIDGET GRABARCZYK, Plaintiff-Appellant, v. CHICAGO AND SOUTH SHORE RAILROAD *et al.*, Defendants (Northern Indiana Commuter Transportation District, Defendant-Appellee).

First District (2nd Division)   No. 1—94—1917

Opinion filed March 26, 1996.

Clifford Law Offices, of Chicago (Robert A. Clifford, Robert Walsh, and Robert P. Sheridan, of counsel), for appellant.

Johnson & Bell, Ltd., of Chicago (Robert M. Burke, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

On September 3, 1993, Bridget Grabarczyk (plaintiff), a nonresident of Illinois, filed suit in circuit court against Chicago and South Shore Railroad and Northern Indiana Commuter Transportation District (NICTD or defendant),[1] alleging that their negligence caused a train door to slam on her arm. Defendant filed a special and limited appearance and a motion to dismiss based on an Indiana statute which provides that state agencies cannot be sued outside the state of Indiana.

Plaintiff argued in her objection to the motion to dismiss that defendant is not a state agency under Indiana law. On May 10, 1994, the trial court granted defendant's motion to dismiss.

This appeal presents only a question of law: Whether the trial court erred in holding that defendant is an Indiana state agency that can be sued only in Indiana and which is therefore not subject to the jurisdiction of Illinois courts.

Although not binding on this court, the Northern District of Illinois and the Northern District of Indiana, in two well-reasoned decisions, have held that the defendant in this case is an agency of the state of Indiana. *Gouge v. Chicago South Shore & South Bend R.R.* (N.D. Ill. 1992); *Phillips v. Northern Indiana Commuter Transportation District* (N.D. Ind. 1994) No. 2:92—CV—286. We discern no rea-

---

[1]This appeal involves only NICTD.

son in fact or in law in this case that would cause us to hold any differently.[2]

We therefore hold that this case was properly dismissed under the immunity provision of the Indiana Tort Claims Act (see Ind. Code Ann. § 34—4—16.5—1 *et seq.* (Burns 1994)), the comity doctrine, and *Schoeberlein v. Purdue University*, 129 Ill. 2d 372, 544 N.E.2d 283 (1989).

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HARTMAN, P.J., and BURKE, J., concur.

---

[2]We note also that the state of Indiana, in its *amicus* brief and supporting documents it filed in *Gouge*, represented that defendant is a state agency.