CHRISTOPHER KING, Plaintiff-Appellee, v. NORTHERN INDIANA COMMUTER TRANSPORTATION DISTRICT *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—02—0598

Opinion filed January 13, 2003.

Robert M. Burke, of Johnson & Bell, Ltd., of Chicago, for appellants.

Anthony G. Scariano, of Scariano, Ellch, Himes & Petrarca, of Chicago, and Peter T. Vrdolyak, of Edward R. Vrdolyak, Ltd., of Tinley Park, for appellee.

JUSTICE GORDON delivered the opinion of the court:

Plaintiff Christopher King (plaintiff) filed a complaint against defendant, Northern Indiana Commuter Transportation District (defendant)[1], alleging that defendant's employees were negligent in removing plaintiff from a commuter train against his will, in an incapacitated state, and that defendant's negligence proximately caused the injuries plaintiff sustained when he fell from the train platform. Defendant thereupon filed a motion to dismiss the complaint on the grounds that a suit brought against an Indiana state agency or its employees must be brought in Indiana pursuant to the holdings of our supreme court, as well as this court, in *Schoeberlein v. Purdue University*, 129 Ill. 2d 372 (1989), and *Grabarczyk v. Chicago & South Shore R.R.*, 279 Ill. App. 3d 208 (1996), respectively. The trial court denied defendant's motion to dismiss on the grounds that the "Illinois Constitution prohibits Illinois Courts from declining to exercise jurisdiction over Indiana state agencies when the transaction or occurrence giving rise to the cause of action takes place in Illinois." Pursuant to defense counsel's motion, the trial court then certified the following questions for interlocutory appeal pursuant to Supreme Court Rule 308 (Rule 308) (155 Ill. 2d R. 308):

---

[1]Northeast Illinois Railway Corporation (Metra) and Security Professionals, Inc., were also named parties in this suit. The record demonstrates that plaintiff elected not to pursue his claims against Metra and the cause of action was declared a nonsuit. The record further demonstrates that plaintiff settled out of court with Security Professionals, Inc. With respect to Chicago South Shore and South Bend Railroad, the other named defendant, the record does not provide any information as to its status in the instant case. However, defendant and plaintiff agree in their respective briefs that this defendant has never been served on account of its being a nonexistent entity liquidated through bankruptcy prior to the occurrence giving rise to the instant cause of action.

"1. Does the Illinois Supreme Court Decision of *Schoeberlein v. Purdue University*, 129 Ill. 2d 372 (1989) and the Illinois Appellate Court Decision of *Grabarczyk v. Chicago and South Shore R.R.*, 279 Ill. App. 3d 208 (1st Dist. 1996) require that Illinois Courts decline to exercise jurisdiction over Indiana state agencies even when the cause of action accrues or arises from an occurrence which takes place in Illinois?

2. Is it unconstitutional, as held by the trial court, for Illinois Courts to decline to exercise jurisdiction over Indiana state agencies when the occurrence giving rise to the cause of action takes place in the State of Illinois?"

For the foregoing reasons, we reverse and remand.

## BACKGROUND

The facts of this case are undisputed by the parties. On January 21, 1999, plaintiff boarded a commuter train in Chicago destined for Indiana. He was in an intoxicated and impaired condition. Train personnel removed plaintiff from the train at the Kensington station, which was not the location of his intended destination. The record does not explain why plaintiff was removed. While at the Kensington station, plaintiff fell off the platform and was injured. The extent of his injuries is not set forth in the record.

In July 2001, plaintiff filed a complaint in the circuit court of Cook County alleging three counts of negligence against defendant. One month later, defendant filed a motion to dismiss the complaint on the grounds that a suit brought against the State of Indiana or its agents or employees must be brought in an Indiana court pursuant to previous Illinois Supreme and Appellate Court opinions deciding similar issues. Plaintiff responded to defendant's motion arguing that Illinois courts are not required to follow Indiana law, that Illinois policy provides all persons injured in Illinois with a legal remedy and that Indiana state agencies are subject to Illinois jurisdiction based on the Illinois long-arm statute. See 735 ILCS 5/2—209 (West 2000).

After hearing argument on the motion to dismiss which reasserted the contentions made by the parties in their respective pleadings, the trial court denied defendant's motion to dismiss. In making its ruling, the court stated:

"To the extent that the Indiana statute bars a cause of action by the defendant for doing an act of business in Illinois and bars that *** plaintiff from access to the Illinois courts, which is what you're contending here, I find that portion of the act as it applies to the plaintiff in this case unconstitutional. I believe that under full faith *** I believe that the defendant operating a business, particularly a commuter line, in the state of Illinois is subject to jurisdiction as

any other railroad corporation or transportation company. For that reason, your motion to dismiss is denied."

Thereafter, plaintiff filed an amended complaint which realleged three counts of negligence against defendant and added a fourth count against another party. Defendant countered by filing a motion to dismiss the amended complaint on the same basis previously alleged in his motion to dismiss the original complaint. The trial court denied defendant's motion for the same reasons it previously articulated. Defendant then moved to certify the questions previously set forth above for immediate appeal and the trial court certified the questions pursuant to Rule 308. 155 Ill. 2d R. 308.

## ANALYSIS

This court is first called upon to determine whether the Illinois Supreme Court's decision in *Schoeberlein* and this court's decision in *Grabarczyk* require that Illinois courts decline to exercise jurisdiction over defendant, Northern Indiana Commuter Transportation District, which is an undisputed agency of the State of Indiana, even when the cause of action arises from an occurrence that took place in Illinois. Plaintiff argues that, since the issue in this case is not one of jurisdiction, but one of comity, the principles of comity should not, in this instance, protect defendant from the jurisdiction of Illinois courts, notwithstanding the decisions in *Schoeberlein* and *Grabarczyk*. We disagree.

■ ■ This case is controlled under principles of *stare decisis* by our supreme court's decision in *Schoeberlein*. See *Wreglesworth v. Arctco, Inc.*, 316 Ill. App. 3d 1023, 1030 (2000) (the appellate court is bound by the principle of *stare decisis* and, therefore, must adhere to the decisions of our supreme court). In *Schoeberlein*, our supreme court addressed an issue very similar to the one raised here. There, Purdue University (Purdue), an undisputed instrumentality of the State of Indiana, sold a defective product to an Illinois company, and as a result, an Illinois resident was injured while working in Illinois. Purdue contended that it was immune from suit in Illinois under the principle of comity, defined as a common law doctrine authorizing the courts of one state to give effect to the laws and judicial decisions of another state for the purposes of "foster[ing] cooperation, promot[ing] harmony, and build[ing] goodwill [citation], and to encourage amiable and respectful relations among individual States." *Schoeberlein*, 129 Ill. 2d at 378. Purdue thus urged the court to defer to an Indiana statute which provides that the State of Indiana is immune from suit outside of its own courts. *Schoeberlein*, 129 Ill. 2d at 375-76.

After analyzing the laws of other states regarding this issue, our

supreme court determined that home states which have not accepted a sister state's claim of sovereign immunity based on the principles of comity declined to do so because the sister state's laws would permit recovery against the home state and would not give effect to the home state's claim of immunity if the circumstances were reversed. *Schoeberlein*, 129 Ill. 2d at 384. However, the *Schoeberlein* court noted that Illinois, like Indiana, has a statute which provides that the State of Illinois is immune from suit outside of its own courts. Thus, bearing in mind the principles of comity, our supreme court determined that it was not contrary to the policies of Illinois to honor Indiana's sovereign immunity reservation and, thus, concluded that the trial court properly declined to exercise jurisdiction over the cause of action. *Schoeberlein*, 129 Ill. 2d at 384. Notably, the *Schoeberlein* court made this decision even though the cause of action in the case arose from an injury that occurred in Illinois.

The *Schoeberlein* decision was later followed by this court in *Grabarczyk*, 279 Ill. App. 3d 208. There, the plaintiff, who was not an Illinois resident, filed a negligence action in Illinois against the same agency defending suit in this case for injuries she sustained in Illinois[2] when a train door slammed on her arm. After concluding that the defendants were, in fact, agencies of the State of Indiana, this court determined that the defendants were immune from suit based on the comity doctrine and the supreme court's decision in *Schoeberlein*.

■ In this case, the defendant is undisputedly an Indiana state agency protected under the immunity provisions of Indiana law. Our supreme court has previously held that, on the basis of comity, it is consistent with the policies of our state to honor Indiana's sovereign immunity in circumstances such as those presented here, when an Indiana state agency allegedly causes an individual to be injured in Illinois. See *Schoeberlein*, 129 Ill. 2d at 384. We see no basis to distinguish *Schoeberlein* from this case so as to permit deviation from its ruling. Accordingly, we answer the first question posed by the trial court in the affirmative and find that the trial court erred in denying defendant's motion to dismiss.

■ Turning to the second question presented to this court regarding the constitutionality of declining to exercise jurisdiction over Indiana state agencies when the occurrence giving rise to the cause of

---

[2]Defendant includes in its brief a copy of the complaint filed by the plaintiff in the *Grabarczyk* case which states that the injury occurred in Illinois. Although this complaint is not made part of the record and is brought to our attention as an appendix to defendant's brief, we nevertheless take judicial notice of the place of injury as presented in the complaint.

action occurred in Illinois, we note that our supreme court in *Schoeberlein* specifically stated that honoring Indiana's reservation of sovereign immunity was "not inconsistent with policies in our State constitution." *Schoeberlein*, 129 Ill. 2d at 384. The "policy" to which the court was primarily referring is based in the Illinois Constitution, which provides that "[e]very person shall find a certain remedy *** for all injuries and wrongs." Ill. Const. 1970, art. I, § 12. While this provision may appear to find a constitutional right to a remedy for injuries occurring in Illinois, our supreme court has long held that this is not the case. Rather, the supreme court has concluded that article I, section 12, "merely expresses a philosophy, and does not mandate a certain remedy be provided in any specific form. [Citation.] Consequently, it is not violative of this aspirational goal to limit or restrict available remedies." *Schoeberlein*, 129 Ill. 2d at 379, citing *Sullivan v. Midlothian Park District*, 51 Ill. 2d 274, 277 (1972).

Relying on our supreme court's finding that granting sovereign immunity to an Indiana state agency is consistent with the policies in our Illinois Constitution, we conclude that it is not unconstitutional to decline to exercise jurisdiction in the case at bar and thus answer the second question presented in the negative.

## CONCLUSION

For the reasons set forth above, we conclude that the trial court erred in denying defendant's motion to dismiss. We therefore reverse the trial court's order denying defendant's motion to dismiss and remand this matter for further proceedings consistent with the findings made herein.

Reversed and remanded.

McNULTY and COUSINS, JJ., concur.