1-02-0767 FOURTH DIVISION

MARCH 11, 2004

THE PEOPLE OF THE STATE OF ILLINOIS ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County 

)

v. ) No. 01 CR 7279

) 

MARIAN KOLTON, ) Honorable

) Thomas Fecarotta,

Defendant-Appellee.      )    Judge Presiding.     

JUSTICE HARTMAN delivered the opinion of the court:

Having been charged with predatory criminal sexual assault, following a bench trial, defendant Marion Kolton was found  guilty of a lesser-included offense, aggravated criminal sexual abuse.  He was sentenced to 90 days' imprisonment and four years' probation.  On appeal, defendant questions whether the circuit court erred in (1)  finding him guilty of an uncharged offense, (2) prohibiting him from questioning the complainant regarding an incident involving a different individual, and (3) finding him guilty beyond a reasonable doubt.  Defendant's conviction and sentence are affirmed for the reasons which follow. 

Prior to trial, defendant moved 
in
 
limine
, seeking to cross-examine the complainant, C.S., and present evidence concerning other allegations of sexual misconduct made by her.  The circuit court denied defendant's motion.

At trial, Rolling Meadows Police Officer Jason Morrison testified that on April 30, 2000, he and his partner, Officer Frederick Dobs, were on patrol at about 11:40 a.m.  They passed a business plaza parking lot in Rolling Meadows.  Morrison observed a green minivan parked diagonally across three parking spaces near an embankment abutting the parking lot.  The embankment was a 10 to 12 foot grassy patch, beyond which was an area containing trees and bushes.  About ten minutes later, when Morrison again passed by the parking lot, he saw the van still parked improperly and decided to investigate.

Officers Morrison and Dobs climbed the embankment and saw C.S., 10 or 15 feet away, who appeared to be about age 12, emerging from the nearby bushes while buttoning up her blouse.  Morrison also observed a man, defendant, who appeared to be 50 years-old, walking behind C.S. holding a blanket.  Morrison asked why they were there.  Defendant stated he and his granddaughter had been looking at trees.  C.S. agreed.  Morrison noticed C.S. was darker in complexion than defendant, and spoke with a Latino accent, but defendant spoke with a thick Polish accent.  The officers separated them and conversed with each independently.  

Defendant stated he was the landlord in the building where C.S. lived and they were on their way to pick up parts to make repairs in her apartment.  He claimed his wife had driven them to the area so they could look at trees, but she left to go shopping.  Officer Morrison testified there were no retail shopping areas nearby.  Further, defendant possessed the keys to the van.

On cross-examination, Officer Morrison testified that when he saw C.S., she was not crying, defendant was not touching her, and her clothes appeared not to have been ripped or torn.  He stated he spoke in both English and Spanish to C.S., who told him initially that she and defendant had been looking at trees.  She then told him defendant walked her towards the embankment, laid down a blanket and offered her $15 if she would "hug" him.  When defendant tried to hug her, she asked him not to touch her and they stood up to leave.  C.S. did not tell Morrison that defendant touched any part of her body, that he tried to restrain her or force her to do anything.

On redirect-examination, Officer Morrison stated that C.S. told him she was afraid to talk to him for fear that defendant would evict her and her mother from the apartment building.  In Spanish, she told Morrison defendant asked her to accompany him to pick up repair supplies, but on their way to the store, he told her they were going to stop and look at trees, ignoring her requests to go home. 

Rolling Meadows Detective Gadomski also testified for the State.  On April 30, 2000, he and his partner, Investigator John Sircher, had been briefed by Officers Morrison and Dobs and was present during C.S.'s sensitivity interview at the Children's Advocacy Center.  C.S. and her mother later were taken to the Northwest Community Hospital.  Gadomski then returned to the police station where he and Sircher interviewed defendant.  He advised defendant of his rights, speaking to him in English after defendant expressed no need for a Polish interpreter.  Defendant told Gadomski he owned the building in which C.S.'s family resided, and that he was to repair their door.  He asked C.S. to accompany him to Home Depot.  On the way, he became lost and pulled over.  He climbed the embankment in the parking lot, but could not ascertain his location due to the trees in the area.  Upon being asked about carrying the blanket, defendant responded initially that he did not know and had lost his mind.  He then stated that he thought he had been holding a box of cigars, not a blanket.  Defendant did not tell Gadomski he was in the area to look at trees.

On cross-examination, Detective Gadomski testified that the blanket, as well as C.S.'s clothing, had been examined for semen and pubic hair; neither were discovered.  Semen stains were found on C.S.'s underwear; however, testing revealed they were not secreted by defendant.

C.S. testified for the State.  She was age 12 at the time of the incident.  Defendant was her family's landlord; she identified him as such in court.  C.S. recounted that on the day at issue defendant told her he was going fix doors in her apartment and asked her to accompany him to the store to help him carry a door, as he had a back problem.  Instead, defendant drove her to a place with bushes.  Defendant refused to take her home despite her requests.  He told her to come with him to look at trees and brought along a blanket.  He told her to sit on the blanket.  Then, defendant "tried to hug [her] and touched [her]."  He offered her money if she allowed him to touch her, but she refused.  Defendant moved her shorts and underwear to the side.  Then he touched her vagina for a while.  Defendant then put his finger inside her vagina.  She asked him to drive her home.  As they emerged from the bushes, they saw two police officers.  Upon hearing defendant tell police he was her grandfather, C.S. told them defendant was her grandfather, her name was Angela Lopez and that they had been looking at trees.  C.S. admitted later that she lied and did not tell police about defendant touching her due to her fear that defendant would do something to her mother as he was their landlord.  She also stated that she spoke to defendant in English and they had no difficulty understanding each other.

On cross-examination, C.S. testified that when she and defendant were sitting on the blanket, her legs were crossed and he sat on her left side with his shoulder touching hers.  Using his right hand, defendant pulled her shorts and underwear to the side.  Defendant did not take off her clothing or present his penis.  As he touched her vagina, C.S. asked to leave.  Defendant told her to wait.  C.S. did not cry out when touched and only after three requests to leave did they get up from the blanket.  C.S. was upset at defendant for attempting to hug her.  She testified that she informed the officer, who drove her to the police station, that defendant touched her; she could not remember telling him that defendant put his finger inside her vagina.  At the police station, she told no one defendant touched her vagina.  She stated defendant actually offered her money to touch her, not to hug her.  She admitted she told the woman who interviewed her at the Center she lied to police because she was "afraid to be smooching."  C.S. stated "smooching" is kissing and hugging.  Defendant previously told her that he would do something to her mother and she was afraid that if she told police he would fulfill that threat.  On re-direct examination, C.S. stated the buttons on the shirt she wore while with defendant would come undone by themselves.

The State rested, and the defense presented no evidence.  The circuit court found C.S. credible and her testimony corroborated by virtue of her having been taken to a secluded area and defendant having taken a blanket to that place.  The court also determined the State did not corroborate defendant's penetration of C.S.'s vagina, and entered a finding of guilt on aggravated criminal sexual abuse, which the court found to be a lesser-included offense of predatory criminal sexual assault because "it contains all of the elements of the predatory except for the actual insertion or the actual penetration of the vagina."  Defendant was sentenced as noted earlier in this opinion.  The court denied defendant's motions to reconsider and for new trial.  Defendant timely appeals. 

I

Defendant first contends the circuit court erred in convicting him of a crime for which he was not charged, aggravated criminal sexual abuse (720 ILCS 5/12-16 (West 2000)) which, he argues, is not a lesser-included offense of predatory criminal sexual assault (720 ILCS 5/12-14.1 (2000)).
(footnote: 1)
 One cannot be convicted of an offense for which he has not been charged, but may be convicted of an offense not expressly included in the charging instrument where the offense is a lesser- included offense of the crime charged.  
People v. Novak
, 163 Ill. 2d 93, 105, 643 N.E.2d 762 (1994) (
Novak
).  In determining whether a particular offense is a lesser-included offense, the Illinois Supreme Court has held that the proper analysis is the "charging instrument" approach.  
Novak
, 163 Ill. 2d at 114.  As very recently asserted by Justice Thomas Fitzgerald in a special concurrence, the two-tiered "charging instrument" approach "permits courts to recognize the existence of a lesser-included offense even if the charging instrument does not expressly allege all of the elements of the lesser crime, but only implies the elements."  
People v. Jones
, 207 Ill. 2d 122, 143, 797 N.E.2d 640 (2003) (Fitzgerald, J., specially concurring).  

In 
People v. DeWeese
, 298 Ill. App. 3d 4, 698 N.E.2d 554 (1998) (
DeWeese
), defendant was charged with committing an act of sexual penetration "to wit: contact between numerous cologne bottles, [defendant's] finger and [victim's] vagina by the threat of force ***."  The 
DeWeese
 court
 determined the "'threat of force' language and the area of [victim's] body touched by defendant implicitly connotes that defendant touched [victim's] vagina not by mistake, inadvertence, or for medical reasons, but instead for the purpose of his sexual gratification or arousal."  
DeWeese
, 298 Ill. App. 3d at 11.

     Here, defendant was charged not with mere penetration, but with "sexual" penetration of the victim's vagina with his finger, which common sense dictates is no less likely done for the purpose of sexual gratification than is "sexual" penetration of the victim's vagina accompanied by the "threat of force."  Contact between defendant's finger and the victim's vagina is touching of a sexual nature and implies sufficiently that defendant was motivated by sexual gratification.  See 
Novak
, 163 Ill. 2d at 124 (Nickles, J., dissenting).  Intent to arouse or satisfy sexual desires may be established by circumstantial evidence, which the trier of fact may consider in inferring defendant's intent from his conduct.  
People v. Balle
, 234 Ill. App. 3d 804, 813, 601 N.E.2d 788 (1992); see also 
People v. Allensworth
, 235 Ill. App. 3d 185, 189, 600 N.E.2d 1197 (1992);
 
People v. Hubbard
, 264 Ill. App. 3d 188, 196, 636 N.E.2d 1095 (1994)
. 

     The primary concern, as noted by the supreme court in 
People v. DiLorenzo
, 169 Ill. 2d 318, 323, 662 N.E.2d 412 (1996) (
DiLorenzo
), is that the "indictment apprised defendant of the precise offense charged with enough specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct."  
Under the present circumstances, it is unnecessary to predicate the existence of gratification or arousal upon the presence of language indicating a "threat of force."  Defendant was charged with the "sexual penetration" and "intrusion" of his finger into C.S.'s vagina.  Such language alone is sufficient to imply sexual gratification since that element is inherently incorporated into the conduct as charged.  The proposition that the term "sexual conduct" sufficiently implies purposeful sexual gratification, but "sexual penetration" does not, challenges both logic and reason.  
 
Under the first tier of the "charging instrument" approach, the elements of the lesser offense are contained within the greater offense as charged.  Defendant was apprised of the precise offense charged with enough specificity to prepare his defense and to assert his conviction as a defense for purposes of double jeopardy.  It is not necessary that the charging instrument expressly allege all the elements of the lesser offense; nor is it required that the lesser offense be a theoretical or practical necessity of the greater crime.  
People v. Hamilton
, 179 Ill. 2d 319, 325, 688 N.E.2d 1166 (1997).  It is sufficient if the language of the charging instrument implicitly contains the elements of the lesser- included offense.  
DeWeese
, 298 Ill. App. 3d at 10.  In the case 
sub
 
judice
, the charging instrument stated that defendant was 17 years of age or older; and he committed an act of sexual penetration with C.S., who was under 13 years of age when defendant placed his finger in her vagina.  Clearly, the charging instrument contained a "main outline" of aggravated criminal sexual abuse, as the elements of that offense are implicit in the greater offense as charged.

For support, defendant relies upon 
Novak
, where defendant was charged with aggravated criminal sexual assault and claimed prejudice because the jury was not instructed as to the lesser- included uncharged offense of aggravated criminal sexual abuse.  
Novak
, 163 Ill. 2d at 105.  In holding that defendant was not entitled to the jury instruction, the court found the indictment insufficient for failure to describe accurately the sexual conduct at issue, and for omitting language indicating purposeful sexual gratification.  
Novak
, 163 Ill. 2d at 114-15.
(footnote: 2)
 As earlier explained, subsequent to 
Novak
, in 
DiLorenzo
, 169 Ill. 2d at 323-25, the supreme court upheld defendant's conviction where an indictment charging criminal sexual abuse failed to state explicitly that sexual conduct was done for the purpose of sexual gratification
 or arousal.
(footnote: 3)  
In 
harmony with 
DiLorenzo
, therefore, aggravated criminal sexual abuse can be considered a lesser-included offense of predatory criminal sexual assault, even when sexual gratification was not spelled out with greater particularity in the indictment.  To sustain the conviction for aggravated criminal sexual abuse, the prosecution was not required to present any direct evidence showing the act was committed "for the purpose of sexual arousal."  
In re A.P. and S.P.
, 283 Ill. App. 3d 395, 398, 669 N.E.2d 1273 (1996) (
In re A.P.
). 

As required under the second tier of the "charging instrument approach," the trier of fact must consider evidence adduced at trial to consider whether defendant can be found guilty of the lesser offense, but acquitted of the greater offense.  
People v. Landwer
, 166 Ill. 2d 475, 486, 655 N.E.2d 848 (1995).  In the instant case
, the evidence at trial supports the circuit court's finding.  The record reveals that defendant lured a 12 year-old girl into a secluded area under the guise of going shopping, needing her help due to a back problem.  C.S. asked defendant repeatedly to take her home, but he refused.  Instead he took her to an area with bushes, brought a blanket with him, set it on the ground, offered C.S. money for a "hug," moved aside her shorts and underpants, and touched her vagina with his finger.  C.S. testified that defendant inserted his finger into her vagina.  Defendant lied to police, stating that C.S. was his granddaughter, that they were just looking at trees, and his wife had dropped them off at that location to look at trees and departed.  Defendant possessed the keys to the van.  Defendant later told police that he was on his way to Home Depot and, despite his earlier claims that his wife was driving, said that he pulled over because he did not know where he was.  When police asked him why he was carrying the blanket, he said he had no idea why and had "lost his mind."  He claimed later he thought he was carrying a cigar box and not a blanket.  

Defendant was C.S.'s landlord and she was afraid he would evict her family or do something to her mother if she told the truth, because defendant previously made such threats to her.  The circuit judge found C.S. to be a credible witness and stated that he did "not believe for a moment" that defendant took C.S. to the area to look at trees.

The charged offense of predatory criminal sexual assault, in this case, contains the "broad foundation" and "main outline" of the lesser-included offense of aggravated criminal sexual abuse. 

II

Defendant next maintains that the circuit court erred in applying the Illinois "rape shield" statute to preclude him from cross-examining C.S. about another sexual assault, one committed by her godfather. 

The prior sexual activity or reputation of the alleged victim or corroborating witness in a sexual assault case is inadmissible under the "rape shield" statute, except (1) as evidence concerning the past sexual conduct between the alleged victim and the accused, when offered to show consent,
(footnote: 4) or (2) when "constitutionally required to be admitted."  725 ILCS 5/115-7 (West 2000).  Pursuant to the confrontation clause in the Sixth Amendment, defendant has a right to cross-examine a witness in order to show motive or bias or other factors, which might influence testimony.  
People v. Davis
, 337 Ill. App. 3d 977, 984, 787 N.E.2d 212 (2003).  The scope of cross-examination and the admissibility of evidence are within the discretion of the circuit court and will not be disturbed on review, absent a clear abuse of discretion.  
Davis
, 337 Ill. App.  3d at 313.  Evidence may be excluded when its relevancy is so speculative that it is of little probative value.  
Davis
, 337 Ill. App. 3d at 313.

Defendant contends the circuit court erred in denying his motion 
in
 
limine
 and preventing him from cross-examining the victim about previous sexual abuse by her godfather.  The record shows C.S.'s godfather sexually abused her within several days prior to defendant's charged conduct.  Although defendant alleges C.S. had a motive to accuse him falsely of abusing her in order to protect her godfather, there is no evidence in the record to substantiate that claim.  Instead, the evidence demonstrates the godfather's abuse was discovered only after C.S. had accused defendant of abuse.  At the time C.S. accused defendant, no one claimed her godfather abused her.  There was also no evidence that C.S. was implicating defendant in order to deflect attention away from her godfather, nor was there evidence to suggest that C.S. had any desire to protect her godfather or had a motive to accuse defendant falsely.

Defendant's assertion that 
People v. Gray
, 209 Ill. App. 3d 407, 568 N.E.2d 219 (1991), supports his contention is without foundation.  In 
Gray
, 
defendant claimed the victim's fear of telling her mother that she became pregnant by a man other than defendant led her to accuse defendant falsely of raping her.  Defendant's request that he be permitted to cross-examine her regarding this fear was denied.  The circuit court
 asked for an offer of proof regarding the victim's statements that the charges against defendant were not true and that she had a motivation to lie.   Outside the jury's presence, defense counsel questioned the victim, who testified that she told another girl that she believed she had been impregnated by someone other than defendant, and that if her mother saw her with that person she would be punished.  Offers of proof were also made through two other witnesses, who testified the victim was fabricating charges against defendant out of fear that she became pregnant by a different man.  
Gray
, 209 Ill. App. 3d at 412-13.  The appellate court found error in the circuit court's refusal to allow defendant to cross-examine the complainant, finding that her protection under the "rape shield" statute was superseded because the proffered impeachment was both relevant and based upon an initial showing of the complainant's motive to testify falsely in charging defendant.  
Gray
, 209 Ill. App. 3d at 416-17.  Therefore, in 
Gray
, there was specific evidence of the falsity of the allegations.  

Unlike 
Gray
, here there is no testimony whatsoever that C.S. was attempting to protect her godfather by falsely implicating defendant.  The circuit court did not abuse its discretion in refusing to allow defendant to cross-examine C.S. about the abuse by her godfather.

III

Defendant maintains that the State did not prove beyond a reasonable doubt that he was guilty of aggravated criminal sexual abuse.  In reviewing the sufficiency of the evidence, the relevant question is whether, considering the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
People v. Cox
, 195 Ill. 2d 378, 387, 748 N.E.2d 166 (2001).  It is the trier of fact's responsibility to determine the witnesses' credibility and the weight to be given their testimony.  
People v. Ortiz
, 196 Ill. 2d 236, 258, 752 N.E.2d 410 (2001).  Although determinations made by the trier of fact are not conclusive, they are entitled to great deference, and a conviction will be overturned only where the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of defendant's guilt.  
Ortiz
, 196 Ill. 2d at 259.

Defendant contends specifically that C.S.'s testimony was incredible and her allegations hard to follow.  The record is to the contrary.  Defendant's own behavior and statements corroborated C.S.'s testimony that he had abused her.  Defendant admittedly took C.S. to a private area "to look at trees," he blatantly lied to police, and was seen with C.S. emerging from the bushes.  At the time of the incident, C.S. was age 12 and defendant age 49.  He coaxed C.S. into accompanying him to the secluded area and, against her repeated protestations, told her to sit on the blanket where he both touched and fondled her vagina.  She told defendant to take her home, but he did not.

The circuit court was in the best position to determine the credibility of the witnesses and specifically found C.S. to be credible.  The testimony of a single witness, if positive and the witness credible, is sufficient to convict a defendant.  
People v. Smith
, 185 Ill. 2d 532, 541, 708 N.E.2d 365 (1999).  The court also found defendant's testimony incredulous, stating it did "not believe for a moment" that he brought C.S. to the area merely to look at trees, as he claimed.  The court believed defendant's answers to police questioning showed his intent to hide something.  The  court's credibility assessments were well-founded and no basis exists upon which to disturb them.

Defendant further claims the State failed to prove an essential element of aggravated criminal sexual abuse, because the State did not prove he acted for the purpose of sexual gratification or arousal.  This issue has been addressed in Point I, where it is noted that the Illinois Supreme Court found in 
DiLorenzo
 that it is not necessary for an indictment charging criminal sexual abuse to state explicitly that sexual conduct was performed for the purpose of sexual gratification or arousal.  Additionally, whether the acts were done for the purpose of sexual arousal can be inferred from the sexual conduct itself, as shown here.  
In re A.P.
, 283 Ill. App. 3d at 398.

Defendant lastly contends that the State failed to prove he was over 17 years of age, another element of the offense.  Defendant's date of birth is stated in the indictment as well as elsewhere in the record.  He was born May 18, 1952.  The record shows he was 49 years of age at the time of the trial.  Further, there was testimony from the investigating officers that they saw a 12 year-old girl with an older man, defendant, and that he claimed to be her grandfather.  Defendant was not younger than age 17.  

The evidence in this case was not so "unreasonable or unsatisfactory" as to justify a reasonable doubt of defendant's guilt.  

For the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GREIMAN, J., concurs.

THEIS, J., dissents. 

JUSTICE THEIS, dissenting;

In 
People v. Novak
, the Illinois supreme court was presented with the precise issue raised in this case: whether aggravated criminal sexual abuse is a lesser-included offense of aggravated criminal sexual assault.  The court concluded it was not.  
People v. Novak
, 163 Ill. 2d 93, 115, 643 N.E.2d 762, 773 (1994).  The State attempts to distinguish 
Novak
 based on the fact that the defendant in 
Novak
 had been charged with aggravated criminal sexual assault and not predatory criminal sexual assault.  This difference, however, does not affect our analysis, as the version of the aggravated criminal assault statute used to charge the defendant in 
Novak
 contains the same elements of the predatory criminal sexual assault of a child statute with which defendant here was charged.  See 720 ILCS 5/12-14(b)(1) (West 1994) and 720 ILCS 5/12-14.1(a)(1) (West 2000).  Because we are bound by the principle of 
stare decisis
, this court is without authority to overrule or modify the decisions of the Supreme Court, and therefore, I would reverse.  
King v. Northern Indiana Commuter Transportation Dist.
, 337 Ill. App. 3d 52, 55, 785 N.E.2d 35, 38 (2003).

In 
Novak
, the defendant, who had been charged with aggravated criminal sexual assault, appealed the trial court's refusal to tender jury instructions on aggravated criminal sexual abuse.  
Novak
, 163 Ill. 2d at 105, 643 N.E.2d at 768-69.  The Illinois supreme court held that the trial court's refusal to do so had not been error because the language of the charging instrument in question did not set out the outline for aggravated criminal sexual abuse.  
Novak
, 163 Ill. 2d at 115, 643 N.E.2d at 773.   The court reasoned that the offense with which the defendant had been charged, aggravated criminal sexual assault, was based on sexual penetration which carried an implied mental state of intent, as opposed to the intent of sexual gratification that is necessary for the sexual conduct element of aggravated criminal sexual abuse.  
Novak
, 163 Ill. 2d at 115, 643 N.E.2d at 773.  In finding that the charging instrument before it, which charged the defendant with aggravated criminal sexual assault and described an act of "sexual penetration," did not describe aggravated criminal sexual abuse, the 
Novak
 court reasoned that "sexual penetration," which refers to aggravated criminal sexual assault, and acts of "sexual conduct," which refers to aggravated sexual abuse, are different types of conduct.  
Novak
, 163 Ill. 2d at 114-15, 643 N.E.2d at 773.

The majority rejects this analysis, finding that "common sense dictates" that sexual  penetration sufficiently implies the intent of sexual gratification.  While the terms "sexual penetration" and "sexual conduct" may convey a common understanding, we must focus our inquiry on the statutory definitions of these terms and are not at liberty to apply the "common understanding" of a particular term where the legislature has defined it in a limited and specific manner.  Here, in the statutory definition of sexual conduct, the legislature has included the element of "for the purpose of sexual gratification or arousal."  We are required to apply this definition as written even where it does not reflect our common understanding of the term.  

To support their holding, my colleagues cite from Justice Nickles' dissent in 
Novak
.  However, the majority opinion in 
Novak
  rejected his view, and we are bound to follow the majority.   Additionally, the majority here relies upon 
People v. Allensworth
 and 
People v. Balle
, both of which are cases that the court in 
Novak
 distinguished.  
Novak
, 163 Ill. 2d at 114-15, 643 N.E.2d at 773, citing 
People v. Allensworth
, 235 Ill. App. 3d 185, 600 N.E.2d 1197 (1992) and 
People v. Balle
, 234 Ill. App. 3d 804, 601 N.E.2d 788 (1992).  In those cases the use of the phrase "sexual conduct" was held to be sufficient to inform a defendant who had been charged with aggravated criminal sexual abuse of the charge against him.  
Allensworth
, 235 Ill. App. 3d at 188-89, 600 N.E.2d at 1199; 
Balle
, 234 Ill. App. 3d at 811-13, 601 N.E.2d at 793-94.  Thereafter, in 
People v. Di Lorenzo
, the defendant, who had been charged with aggravated criminal sexual abuse, argued that his indictment was fatally deficient for failing to state that the alleged sexual conduct was for the purpose of sexual gratification.  
People v. DiLorenzo
, 169 Ill. 2d 318, 321, 662 N.E.2d 412, 413 (1996).  
The supreme court, again citing 
Allensworth
 and 
Balle
, held that the indictment in question, which alleged that defendant had committed an act of "sexual conduct" and provided citation to the relevant statutory provision, apprised the defendant of the charge against him with enough specificity to prepare his defense.
(footnote: 5)  
DiLorenzo
, 169 Ill. 2d at 323-24, 662 N.E.2d at 414.

  Unlike 
Allensworth
, 
Balle
, and 
DiLorenzo
,  the defendants in 
Novak 
and in this case were charged with aggravated or predatory criminal sexual assault and their indictments made no allegation of "sexual conduct" so as to trigger any notice of the charge of criminal sexual abuse. 

I believe the recent case, 
People v. DeWeese
, 298 Ill. App. 3d 4, 10, 698 N.E.2d 554, 558 (1998), sheds light on this matter.  In 
DeWeese
, this court discussed 
Novak
 and 
DiLorenzo
 and held that aggravated criminal sexual abuse can be found as a lesser-included offense of aggravated criminal sexual assault
(footnote: 6) even where the indictment omits language describing defendant's touching or fondling of the victim for purposes of sexual gratification or arousal.  
DeWeese
, 298 Ill. App. 3d at 10, 698 N.E.2d at 558.  The court noted that the focus of its inquiry was whether the language of the indictment in question implicitly contained the element of touching for the purpose of sexual gratification so as to set forth the main outline of aggravated criminal sexual abuse.  
DeWeese
, 298 Ill. App. 3d at 10, 698 N.E.2d at 558.  The court found that because the indictment at issue alleged contact between the defendant's finger and the victim's vagina, and that the defendant had used the threat of force to initiate this contact, this combined language implicitly connoted that the defendant touched the victim for the purpose of his sexual gratification and arousal and not by mistake or inadvertence.  
DeWeese
, 298 Ill. App. 3d at 10-11, 698 N.E.2d at 558.  Therefore, the court found that the indictment contained the main outline of aggravated criminal sexual abuse.  
DeWeese
, 298 Ill. App. 3d at 10-11, 698 N.E.2d at 558.

Unlike the indictment in 
DeWeese
, the indictment in this case does not contain the additional allegation of the threat of use of force, or any language from which the implication of the element of a purpose of sexual gratification or arousal could arise, and therefore 
DeWeese
 is inapposite.  The language used in the charging instrument against the defendant here reads as follows:

"[O]n or about April 30, 2000, at and within the County of Cook, 

Marian Kolton committed the offense of predatory criminal sexual assault of a child in that he was seventeen years of age or over and committed an act of sexual penetration upon [C.S.], to wit: an intrusion of Marian Kolton's finger into [C.S.'s] vagina, and [C.S.] was under thirteen years of age when the act of sexual penetration was committed in violation of Chapter 720, Act 5, Section 12-14.1(a)(1), of the Illinois Compiled Statutes 1992, as amended, and contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois."

The language in this indictment is nearly identical to the indictment in 
Novak
:

"Chester M. Novak committed the offense of aggravated criminal sexual assault in that he was seventeen years of age or over and committed an act of sexual penetration upon (the victim), to wit: contact between Chester M. Novak's penis and (the victim's) mouth and the victim was under thirteen years when the act of sexual penetration was committed, in violation of [Ill. Rev. Stat. 1989, ch. 38,par.12–14(b)(1)]."

It is the duty of this court to follow the decisions of our supreme court.  
Schusse v. Pace Suburban Bus Division of the Regional Transportation Authority
, 334 Ill. App. 3d 960, 970, 779 N.E.2d 259, 267 (2002).  As such, because the Illinois supreme court held that the indictment in 
Novak
, a functional equivalent of the indictment in the case at bar, did not describe the foundation or main outline of aggravated criminal sexual abuse, we are bound to conclude that the indictment here does not describe the foundation or main outline of aggravated criminal sexual abuse.  I would reverse.

For the reasons stated, I respectfully dissent.

FOOTNOTES
1:
The statute identifying predatory criminal sexual assault provides, in pertinent part:

"(a) The accused commits a predatory criminal sexual assault of a child if:

(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed."  720 ILCS 5/12-14.1(a)(1) (West 2000).

The statute recognizing aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1) (West 2000) provides, in pertinent part:

"the accused commits aggravated criminal sexual abuse if the accused was 17 years of age or over and (i) commits an act of sexual
 
conduct with a victim who was under thirteen years of age when the act was committed." 

Sexual conduct is defined by statute (720 ILCS 5/12-12(e) (West 2000), in pertinent part, as "any intentional or knowing touching or fondling by the victims or the accused, either directly or through clothing, of the sex organs *** of the victim or the accused, or any part of the body of a child under 13 years of age, *** for the purpose of sexual gratification or arousal of the victim or the accused." 

2:
In 
Lemons v. O'Sullivan
, the Seventh Circuit wrote, "[a]lthough the court [in 
Novak
, 163 Ill. 2d 93, 643 N.E.2d 762 (1994)] characterized as erroneous defendant's contention (citing 
Allensworth
[
, 235 Ill. App. 3d 185, 189, 600 N.E.2d 1197 (1992)]) that a charge of aggravated sexual abuse need not specifically allege that the sexual gratification or arousal was for the purpose of sexual gratification or arousal, the opinion recited with seeming approval the holdings of 
Allensworth
 and 
Balle
[, 234 Ill. App. 3d 804, 813, 601 N.E.2d 788 (1992)] that 'the words "sexual conduct" were alone sufficient to inform the defendant with reasonable certainty of the charges against him.'  It is our judgment that the Supreme Court of Illinois would not reverse a conviction for sexual abuse based upon an indictment like [defendant's] because it failed to include the statutory language concerning purpose."  54 F. 3d 357, 363 n.5 (7th Cir. 1995). 

3:
Although the 
DiLorenzo
 court declined to entertain the issue of whether the indictment was required to aver that the conduct was "for the purpose of sexual gratification," or was required to define "sexual conduct," in upholding defendant's conviction, it was apparent that defendant was aware that he was being tried for an act of sexual conduct with the victim.  169 Ill. 2d at 323-24.   

4:
There is no question here but that C.S., age 12 at the time of the first and second incidents, was legally incapable of consent.  See 720 ILCS 5/12-14.1(a)(1); 720 ILCS 5/12-15(b),(c)(1),(d) (West 2000).

5:
The majority also refers to 
Lemons v. O'Sullivan
, a case in which the defendant challenged his conviction for aggravated sexual abuse because the indictment charged "sexual conduct," but not the intent of sexual gratification.  
Lemons v. O'Sullivan
, 54 F. 3d 357, 362-63 (7
th
 Cir. 1995).  
DiLorenzo
 had not yet been decided, and  the habeus corpus petition alleged 
the indictment did not provided fair notice of the charge.  The 7
th
 circuit analyzed 
Novak
 and correctly predicted the result in 
DiLorenzo
.  
Lemons
, 54 F. 3d at 363 n. 5.  This, however, does not support the conclusion that where a defendant is charged with predatory criminal sexual assault and where the indictment does not charge the defendant with "sexual conduct," that a conviction for aggravated criminal sexual abuse is proper.

6:
I note that the version of the aggravated criminal sexual assault statute relied on to charge the defendant in 
DeWeese
 contains the same elements of the predatory criminal sexual assault of a child statute with which defendant here was charged.  See 720 ILCS 5/12-14(b)(1) (West 1994) and 720 ILCS 5/12-14.1(a)(1) (West 2000).